| | | |
|---|---|---|
| ARTURO RODRIGUEZ<br>    *Plaintiff* | §<br>§<br>§<br>§<br>§<br>§ | |
| vs. | §<br>§<br>§ | No. 2:25-CV-00074-EG-JAC |
| CITY OF DEL RIO,<br>RICK ROMAN-POLICE CAPTAIN,<br>JOHN DOE-POLICE OFFICER<br>FRANK RAMIREZ-CHIEF OF POLICE<br>    *Defendants* | §<br>§<br>§<br>§<br>§ | |

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT:

DEFENDANTS CITY OF DEL RIO, POLICE CHIEF FRANK RAMIREZ, and POLICE OFFICER JOHN DOE, collectively "Defendants,"[1] file this Motion to Dismiss Plaintiff's Original Complaint [Dkt. 1], pursuant to Federal Rule of Civil Procedure 12(b)(6) and would respectfully show the Court as follows:

### I. PROCEDURAL HISTORY

1.     For the purposes of this motion, Defendants are CITY OF DEL RIO ("City"), POLICE CHIEF FRANK RAMIREZ ("Ramirez"), and POLICE OFFICER JOHN DOE ("Doe"). Plaintiff Arturo Rodriguez's ("Plaintiff") Original Complaint  ("Original Complaint") alleged federal claims of violations of the First, Fourth and Fourteenth Amendments of the United States

---

[1] Allegations against Defendant Roman will be addressed in his responsive pleading based on the timing of service and other relevant considerations.

Constitution against Defendants.[2] Plaintiff filed an Application to Proceed Forma Pauperis which was granted by the Court on November 19, 2025.[3] Defendants City and Doe[4] filed a Motion to Extend Time prior to the deadline to file a responsive pleading, requesting a 30-day extension to perform conflict checks and prepare a federal court responsive pleading, or by January 12, 2026.[5] The Court granted said motion.[6]

2.     The Defendants file this Motion to Dismiss Plaintiff's Original Complaint.

## II.  **PLAINTIFF'S FACTUAL ALLEGATIONS**

3.     Plaintiff alleges that on or about September of 2023, he reported a traffic violation allegedly committed by a local private school located across from the County courthouse at 209 Greenwood in Del Rio, Texas.[7] Plaintiff claims to have called the school to advise the street was being blocked with traffic cones without a permit and eventually called the police regarding the violation.[8] The traffic cones were removed, however, replaced.[9] Plaintiff claims to have alerted the police and filed a complaint but was ignored.[10] Plaintiff claims when he complained to Defendant Rick Roman, the encounter escalated to excessive force when he was allegedly grabbed and forcefully pushed which caused him to fall and injure his shoulder.[11] Plaintiff claims a male clerk asked if he was hurt and if he needed an ambulance.[12] An ambulance was summoned, and he was

---

[2] [Dkt. 1].  Plaintiff refers to exhibits, however, there are no exhibits attached to his Complaint.
[3] [Dkt. 3, 5].
[4] Defendant Rick Roman was not served with a Summons in this case until December 29, 2025. [Dkt. 25].
[5] [Dkt. 15].
[6] [Dkt. 20].
[7] [Dkt. 1, ¶ 7].
[8] [*Id*. at ¶¶ 7-8].
[9] [*Id*. at ¶¶ 10].
[10] [*Id*. at ¶¶ 11-21].
[11] [*Id*. at ¶¶ 22-23].
[12] [*Id*. at ¶ 24].

encouraged to go to the hospital where he underwent x-rays and an MRI which allegedly showed a torn rotator cuff.[13]

4.     Plaintiff alleges that when he parked at the courthouse at 209 Greenwood, there were no parking signs restricting parking but received a traffic citation anyway.[14]  Plaintiff alleges he submitted Open Records Requests to Defendant City to which the City responded "no information is responsive to your request."[15]  Plaintiff claims that the City's Public Works Director advised that he placed signs without direction from anyone.[16]  Plaintiff claims Defendant City has a policy or custom of failing to properly train and supervise its police officers regarding use of force and lawful arrests which caused the alleged violation of Plaintiff's rights.[17]

5.     Plaintiff alleges he suffered physical pain, emotional distress, medical expenses and lost wages as a direct result of excessive force that he was subjected to in the incident.[18]  Plaintiff alleges a 42 U.S.C. §1983 *Monell* claim against the Defendant City.[19]  Plaintiff seeks to recover monetary, other damages, and punitive damages.[20]

6.     Defendants file this Motion to Dismiss in response to Plaintiff's Original Complaint and respectfully request the Court grant qualified immunity to Defendants Ramirez and Doe and dismiss the City for Plaintiff's failure to properly state a viable claim.

### III.  <u>MOTION TO DISMISS STANDARDS</u>

**A.     <u>Rule 12(b)(6) Failure to State a Claim.</u>**

---

[13] [*Id*. at ¶¶ 25-27].
[14] [*Id*. at ¶ 30].
[15] [*Id*. at ¶ 31].
[16] [*Id*. at ¶ 33].
[17] [*Id*. at ¶ 34].
[18] [Dkt. 1, Damages, pp. 17-18].
[19] [Dkt. 1 ¶¶ 82-98].
[20] [Dkt. 1, Damages, pp. 17-18]; Plaintiff has pending criminal proceedings based on some of the factual allegations as it pertains to this Original Complaint.  These criminal proceedings are styled, *State of Texas v. Arturo Rodriguez*, Case Numbers 24-072-CR; 24-431-CR; 24-432-CR and 24-433-CR.

7.      If a complaint fails to state a claim upon which relief can be granted, the court is entitled to dismiss the complaint as a matter of law.[21]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[22]  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23]  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."[24]  Rather, the Court must be sure that the complaint alleges sufficient facts to move the claim "across the line from conceivable to plausible."[25]  When considering a motion to dismiss under Rule 12(b)(6) the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[26]  While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[27]  Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.[28]

8.      An official policy, for purposes of § 1983 liability is "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to *whom the lawmakers have delegated* policymaking authority."[29]  Alternatively, official policy is "[a] persistent, widespread practice of city officials or employees,

---

[21] FED R. CIV. P 12(b)(6).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 44, 556 (2007)).

[23] *Id.* (quoting *Twombly*, 550 U.S. at 556).

[24] *Id*. (citation omitted).

[25] *Twombly*, 550 U.S. at 570

[26] *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

[27] *Twombly*, 550 U.S. at 555.

[28] *See Fernandez–Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993).

[29] *Evans v. City of Houston*, 246 F.3d 344, (5th Cir. 2001)(emphasis added) (*quoting, Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000)).

which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy."[30]  A municipality cannot be vicariously liable for the actions of its employees.[31]

**B.      Qualified Immunity.**

9.      Qualified immunity shields an officer from liability if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." [32]  In order to overcome qualified immunity, a plaintiff must show that the officer (1) violated a constitutional right; and (2) that "the right at issue was 'clearly established' at the time of [the] alleged misconduct."[33]  Courts have discretion to address either or both prongs.[34]

10.      Once the qualified immunity defense is raised, the plaintiff possesses the burden of showing that the facts alleged demonstrate that the officer violated a constitutional right, and that the right was clearly established at the time of the violation.[35] This is a fact-specific inquiry to be made from the perspective of an objectively reasonable officer at the scene, rather than in hindsight.[36]  Considering the Supreme Court's decision in *Pearson v. Callahan*, the courts are permitted to consider the question of whether a defendant is entitled to qualified immunity without determining whether or not the plaintiff's constitutional rights were violated.[37]  The Court is to decide if the conduct was objectively reasonable in light of clearly established law at the time of the incident.[38]

---

[30] *Id*.
[31] *City of Canton v. Harris,* 489 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
[32] *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).
[33] *Id*. at 232, 129 S.Ct. 808 (quotation omitted).
[34] *Id.*; *Ramirez v. Escajeda*, 44 F.4th 287, 291 (5th Cir. 2022).
[35] *Pearson v. Callahan,* 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (discussing the modified inquiry under *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).
[36] *Graham v. Connor,* 490 U.S. 386, 109 S. Ct. 1865, 1871, 104 L.Ed.2d 443 (1989).
[37] *Pearson,* 555 U.S. at 236 (2009).
[38] *Brown v. Callaghan,* 623 F.3d 249, 253 (5th Cir. 2010).

11.    "When properly applied, it [*qualified immunity*] protects all but the plainly incompetent or those who knowingly violate the law."[39]  Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.[40]  Courts must "frame the constitutional question with specificity and granularity," and not "at a high level of generality."[41]

## IV.  <u>MOTION TO DISMISS</u>

<u>DEFENDANT RAMIREZ</u>

### A.    <u>First Amendment Retaliation.</u>

12.    The First Amendment prohibits "adverse governmental action against an individual in retaliation for the exercise of protected speech activities." *Keenan v. Tejeda,* 290 F.3d 252, 258 (5th Cir. 2002).  Plaintiff must show "(1) [he was] engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against [his] exercise of constitutionally protected conduct."[42]

13.    As an initial matter, there are no plausible claims against Defendant Ramirez as to the First Amendment Retaliation.  Plaintiff was lawfully seized but there are no allegations that support he was engaged in a clearly established right, he was seized or experienced any retaliatory conduct by Defendant Ramirez.[43]  The facts alleged do not pertain to any actions related to First Amendment activity involving Defendant Ramirez.[44]  In fact, it is apparent that the claims are related to Defendant Roman in the Complaint.   Furthermore, the only allegation is Plaintiff making a "complaint" but nothing to establish a clearly established right, would prevent him from further protected activity, or

---

[39] *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 2085, 179 L.Ed.2d 1149 (2011).
[40] *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013).
[41] *Ramirez*, 44 F.4th at 292 (quoting *Morrow v. Meachum*, 917 F.3d 870, 874-75 (5th Cir. 2019) and *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).
[42] *Izen v. Catalina,* 398 F.3d 363, 367 (5th Cir.2005)
[43] [Dkt. 1, ¶¶ 35-44].
44 [*Id*.].

that the actions were motivated by the alleged complaint and investigation; the complaint was from 2015, when Chief Ramirez was not the chief as noted in the Complaint.[45] While Plaintiff avers claims against Chief Ramirez, there are no plausible claims against him and should be dismissed.[46]

**DEFENDANT DOE**

**A.      Failure to Intervene.**

14.      Defendant Doe moves to dismiss claims against Defendant Doe because speculative allegations involving multiple or unnamed defendants without identification are not specific enough to state a claim against Defendant Doe.[47] His vague assertions about some assault do not specify how or what vague assault occurred, when or how or for what reason, nor does it allege a claim that a constitutional violation occurred as a result of a failure to intervene.[48] Plaintiff's allegations in the Original Complaint are completely devoid of allegations as to which of the officer was involved in the specific constitutional violations under the failure to intervene claims and must be dismissed.

**CITY OF DEL RIO CLAIMS**

**A**.      *Monell* **claims against the City of Del Rio.**

15.      The Court should dismiss Plaintiff's claims against Defendant City pursuant to Rule 12(b)(6) because Plaintiff failed to plead sufficient facts to state a plausible *Monell* claim.  To state a *Monell* claim, Plaintiff must plead facts that plausibly establish: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."[49] The plaintiff must show that an official policy promulgated by the municipal policymaker was the

---

[45] [*Id*. at ¶ 36, 37, 39, Exhibit E].
[46] [Dkt. 1, ¶¶ 45-46].
[47] [Dkt. 1, ¶¶ 72-81].
[48] *See e.g., Richardson v. Univ. of Texas Sys*., No. 5:19-CV-271-XR, 2019 WL 2329322, at *5 (W.D. Tex. May 31, 2019).
[49] *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 285 (5th Cir. 2020)(citations omitted).

moving force behind the violation of a constitutional right.[50]

16.     Plaintiff's Original Complaint does not plead sufficient facts to plausibly show that there is an official policy.  To demonstrate that there is an official policy, Plaintiff must show either:

> 1. A policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.[51]

Plaintiff's Original Complaint contains insufficient factual allegations to plausibly demonstrate that there is an officially adopted policy.  Plaintiff relies on only one conclusory factual incident in which he was involved to establish an official policy by the City and the list of alleged policy violations do not assert claims for similar or multiple policies which are unconstitutional.[52] Furthermore, the Plaintiff's allegations of "the City and its Policymakers" and Defendants Ramirez and Doe are not alleged to be final policy makers; the City cannot be held liable for *respondeat superior,*  thus these claims must be dismissed.[53]

> ### a.    Plaintiff's claims relating to failure to train or supervise fail as a matter of law under *Monell.*

17.     Plaintiff also attempts to assert a failure to train and to supervise, but these allegations fail to assert a proper Fourth Amendment claim and should be dismissed.[54]  A [governmental entity's]

---

[50] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).
[51] *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)
[52] *Spiller v City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (single incident is extremely narrow).
[53] *Piotrowski,* 237 F.3d at 579; [Dkt. 1 ¶¶ 84; 86-98].
[54] [Dkt. 1, Count V ¶¶ 84-98].

decision not to train certain employees about their legal duty to avoid violating the rights of citizens "may rise to the level of official policy for purposes of §1983."[55] However, "[a] municipality's culpability for a deprivation of right is at its most tenuous where the claim turns upon a failure to train."[56] Plaintiff's Original Complaint does not plead sufficient facts to identify shortcomings in officer training or to plausibly demonstrate that an official policy was the moving force that led to officers' alleged violations of Plaintiff's constitutional rights. Plaintiff's allegations are vague and conclusory, which are not permissible for alleging valid claims and should be dismissed.[57]

18.     Plaintiff's claims against Defendant City fail because there is no alleged policy or pattern in the Original Complaint.[58] To create a triable fact issue on a custom or pattern, it is not even enough to show a series of isolated incidents.[59] Plaintiff's Original Complaint does not contain factual allegations demonstrating a pattern or practice of actual wrongs and showing that Defendant City failed to act.[60] These conclusory allegations are not a pattern or practice of "similarity, specificity and sufficiently numerous prior incidents" expected of City employees and does not meet the high burden.[61]

19.     Before a municipality can be liable under § 1983, it must be shown that a policy was the "moving force" that led to a constitutional violation.[62] In addition, Plaintiff has not even averred the single incident exception, fails to state a claim, so it must be dismissed.[63]

---

[55] *Connick v. Thompson,* 563 U.S. 51, 61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011).
[56] *Id.*
[57] *Fernandez–Montes,* 987 F.2d at 284.
[58] *Monell*, 436 U.S. at 691
[59] *See Burge v. St. Tammy Parish*, 336 F.3d 363, 370 (2003)("[P]roof of a custom or practice requires more than a showing of isolated acts..."); *see also Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001)(Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal Section 1983 liability").
[60][Dkt. 1, ¶¶ 34; 84-89].
[61] *Davidson v. City of Stafford, Tex*., 848 F.3d 384, 396 (5th Cir. 2017).
[62] *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989).
[63] *See e.g., Edwards v. Oliver,* No. 3:17-CV-01208-M-BT, 2019 WL 4603794, at *13 (N.D. Tex. Aug. 12, 2019), report and recommendation adopted, No. 3:17-CV-01208-M-BT, 2019 WL 4597573 (N.D. Tex. Sept. 23, 2019) (dismissing similar claims where plaintiff did not plead facts to permit an inference of an unconstitutional policy from

20. Plaintiff fails to plead sufficient facts to show that Defendant City's existing training policy is constitutionally inadequate. Plaintiff pleads no factual allegations to show Defendant City was deliberately indifferent about adopting its training policies. These vague allegations that Defendants acted with "deliberate indifference," of ignoring misconduct fail to meet that standard; Plaintiff only reasserts the law and that the "City" is failed to train officers, without any specific allegations.[64]

21. Plaintiff's failure to plead sufficient facts is similar to *Saenz v. City of El Paso*.[65] In that case, the court held the plaintiff must allege facts to plausibly suggest the municipality's deliberate indifference to the need for proper training.[66] "Ordinarily, to meet this burden, a plaintiff may allege that the municipality had "[n]otice of a pattern of similar violations," which were "fairly similar to what ultimately transpired."[67] "The number of incidents and other allegations necessary to establish a pattern representing a custom, on a motion to dismiss, varies[.]"[68] That burden is not met in the Original Complaint.

22. In this case, there is only one single issue as it pertains to Plaintiff, which is vague.[69] There are no allegations, nor can Plaintiff establish there were any other similar incidents. The single allegation of the alleged arrest incident in Plaintiff's Original Complaint does not allow the Court to draw a reasonable inference that this one incident was something other than an isolated incident nor does it plausibly suggest a pattern of creating or ignoring policies as Plaintiff alleges to rise to

---

a single incident of the City's alleged failure to discipline).

[64] *Vielma*, 808 F.App'x. at 883 (Plaintiff never provides any specifics as to what he contends would have been constitutionally adequate training); [Dkt. 1 ¶92].

[65] 637 F. App'x 828, 832 (5th Cir. 2016).

[66] *Id.*

[67] *Id.* at 381.

[68] *Moreno v. City of Dallas,* No. 3:13–CV–4106–B, 2015 WL 3890467 at *8 (N.D. Tex. June 18, 2015).

[69] [Dkt. 1, ¶¶ 82-98].

a constitutional violation.[70]  Plaintiff's allegations do not "raise a right to relief above the speculative level."[71]

23.    Here, Plaintiff vaguely recites "deliberate indifference" in Plaintiff's Original Complaint and asserts legal conclusions without factual allegations to support them.[72]  There is one reference to failure to discipline and failure to investigate.[73]  This is inadequate to impose liability on the City.[74]  The Court should dismiss Plaintiff's failure to train, supervise and discipline allegations and all *Monell* claims against Defendant City.[75]

24.    Finally, Plaintiff cannot plausibly assert any failure to train or supervise with the intertwining and vague allegations against all "Defendants" related to some vague assertions about "film" or "photograph" police activity and "how to interact with citizens" is not sufficient to survive dismissal.[76]  These blanket, vague, and non-specific "bad" allegations against Defendant City do not sufficiently or plausibly plead a practice on a pattern "so persistent and widespread as to practically have the force of law."[77]

## V.  <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, the Defendants City, Ramirez and Doe respectfully request that the Court grant their Motion to Dismiss and dismiss all of Plaintiff's

---

[70] *Id.*

[71] *In re La. Crawfish Producers,* 772 F.3d 1026, 1029 (5th Cir.2014) (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

[72] [Dkt. 1, ¶¶ 64, 92, 97].

[73] [*Id*.]

[74] *Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002), *quoting, Fernandez–Montes v. Allied Pilots Ass'n.,* 987 F.2d 278, 284 (5th Cir. 1993)("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

[75] *See e.g., Fraire v. City of Arlington,* 957 F.2d 1268, 1278–79 (5th Cir. 1992) (finding custom or policy or encouraging police misconduct could not be inferred from an isolated decision not to discipline an officer for single incident of alleged incident of illegal conduct)

[76] [Dkt. 1, ¶¶ 89, 93, 96].

[77] *See El-Hussain v. Dallas Cnty.,* No. 3:24-CV-0737-B, 2024 WL 4446997, at *3 (N.D. Tex. Oct. 7, 2024) (citing *Johnson v. Harris Cnty.*, 83 F.4th 941, 946–47 (5th Cir. 2023) ("merely describing Plaintiffs' incidents that gave rise to this lawsuit does not "plausibly plead a practice so persistent and widespread as to practically have the force of law.")).

claims pursuant to Federal Rules of Civil Procedure 12(b)(6), grant Defendant Doe qualified immunity, and for such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

Respectfully submitted,

DENTON NAVARRO RODRIGUEZ BERNAL
SANTEE & ZECH
A Professional Corporation
2517 North Main Avenue
San Antonio, Texas 78212
Telephone:     (210) 227-3243
Facsimile:     (210) 225-4481
pbernal@rampagelaw.com
cmrodriguez@rampagelaw.com
csanchez@rampagelaw.com


By:     */s/ Clarissa M. Rodriguez*
PATRICK C. BERNAL
State Bar No. 02208750
CLARISSA M. RODRIGUEZ
State Bar No. 24056222
CORINA SANCHEZ
State Bar No. 24117013
COUNSEL FOR DEFENDANTS


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this 12th day of January, 2026, to the following:

Arturo Rodriguez                         **CMRRR # 9489 0090 0027 6658 7590 51**
205 Foster Drive                         **& Copy First Class Regular Mail**
Del Rio, Texas 78840                     **& Email:** artrod67@msn.com
*Pro Se*


*/s/ Clarissa M. Rodriguez*
PATRICK C. BERNAL
CLARISSA M. RODRIGUEZ
CORINA SANCHEZ