**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **ARTURO RODRIGUEZ** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **vs.** | § | **No. 2:25-CV-00074-EG-JAC** |
| | § | |
| | § | |
| **CITY OF DEL RIO,** | § | |
| **RICK ROMAN-POLICE CAPTAIN,** | § | |
| **JOHN DOE-POLICE OFFICER** | § | |
| **FRANK RAMIREZ-CHIEF OF POLICE** | § | |
| *Defendants* | § | |

---

### DEFENDANT RICK ROMAN'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE U.S. DISTRICT COURT:

DEFENDANT RICK ROMAN ("Defendant") files this Motion to Dismiss Plaintiff's Original Complaint [Dkt. 1], pursuant to Federal Rule of Civil Procedure 12(b)(6) and would respectfully show the Court as follows:

### I. PROCEDURAL HISTORY

1. For the purposes of this motion, Defendant is RICK ROMAN ("Roman" or "Defendant"). Plaintiff Arturo Rodriguez's ("Plaintiff") Original Complaint ("Original Complaint") alleged federal claims of violations of the First, Fourth and Fourteenth Amendments of the United States Constitution against Defendants.[1] Plaintiff filed an Application to Proceed Forma Pauperis which was granted by the Court on November 19, 2025.[2] Defendants City, Ramirez and Doe filed a

---

[1] [Dkt. 1]. Plaintiff refers to exhibits, however, there are no exhibits attached to his Complaint.
[2] [Dkt. 3, 5].

12(b)(6) Motion to Dismiss on January 12, 2026.[3]  Defendant Roman was served with Summons on December 29, 2025.[4]

2.      Defendant Roman files this Motion to Dismiss Plaintiff's Original Complaint.

## II.  PLAINTIFF'S FACTUAL ALLEGATIONS

3.      Plaintiff alleges that on or about September of 2023, he reported a traffic violation allegedly committed by a local private school located across from the County courthouse at 209 Greenwood in Del Rio, Texas.[5]  Plaintiff claims to have called the school to advise the street was being blocked with traffic cones without a permit and eventually called the police regarding the violation.[6]  The traffic cones were removed, however, replaced.[7]  Plaintiff claims to have alerted the police and filed a complaint but was ignored.[8]  Plaintiff claims he met with Defendant Roman and when he began to videotape, the encounter escalated to excessive force when he was allegedly grabbed and forcefully pushed him and injured his shoulder.[9]  Plaintiff claims a male clerk asked if he was hurt and if he needed an ambulance.[10]  An ambulance was summoned, and he was encouraged to go to the hospital where he underwent x-rays and an MRI which allegedly showed a torn rotator cuff.[11]

4.      Plaintiff alleges that when he parked at the courthouse at 209 Greenwood, there were no parking signs restricting parking but received a traffic citation anyway.[12]  Plaintiff alleges he submitted Open Records Requests to Defendant City to which the City responded "no information

---

[3] [Dkt. 26].
[4] [Dkt. 25].
[5] [Dkt. 1, ¶ 7].
[6] [*Id*. at ¶¶ 7-8].
[7] [*Id*. at ¶¶ 10].
[8] [*Id*. at ¶¶ 11-21].
[9] [*Id*. at ¶¶ 22-23].
[10] [*Id*. at ¶ 24].
[11] [*Id*. at ¶¶ 25-27].
[12] [*Id*. at ¶ 30].

is responsive to your request."[13]  Plaintiff claims that the City's Public Works Director advised that he placed signs without direction from anyone.[14]

5.    Plaintiff alleges he suffered physical pain, emotional distress, medical expenses and lost wages as a direct result of excessive force that he was subjected to in the incident.[15]  Plaintiff avers First Amendment Retaliation, Fourth Amendment Excessive force, failure to Provide Medical Care, and vaguely asserts Failure to Intervene pursuant to 42 U.S.C.§ 1983.[16]  Plaintiff seeks to recover monetary, other damages, and punitive damages.[17]

6.    Defendant Roman files this Motion to Dismiss in response to Plaintiff's Original Complaint and respectfully requests the Court grant qualified immunity to Defendant Roman.

### III.  MOTION TO DISMISS STANDARDS

#### A.    Rule 12(b)(6) Failure to State a Claim.

7.    If a complaint fails to state a claim upon which relief can be granted, the court is entitled to dismiss the complaint as a matter of law.[18]  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19]  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20]  The plausibility standard "asks for more than a sheer possibility that a defendant has

---

[13] [*Id*. at ¶ 31].
[14] [*Id*. at ¶ 33].
[15] [Dkt. 1, Damages, pp. 17-18].
[16] [Id. at Counts I, II, III, IV].
[17] [Dkt. 1, Damages, pp. 17-18]; Plaintiff has pending criminal proceedings based on some of the factual allegations as it pertains to this Original Complaint.  These criminal proceedings are styled, *State of Texas v. Arturo Rodriguez*, Case Numbers 24-072-CR; 24-431-CR; 24-432-CR and 24-433-CR.
[18] FED R. CIV. P 12(b)(6).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 44, 556 (2007)).
[20] *Id.* (quoting *Twombly*, 550 U.S. at 556).

acted unlawfully."[21]   Rather, the Court must be sure that the complaint alleges sufficient facts to move the claim "across the line from conceivable to plausible."[22]   When considering a motion to dismiss under Rule 12(b)(6) the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[23]   While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[24]   Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.[25]

8.       An official policy, for purposes of § 1983 liability is "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to *whom the lawmakers have delegated* policymaking authority."[26] Alternatively, official policy is "[a] persistent, widespread practice of city officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy."[27]   A municipality cannot be vicariously liable for the actions of its employees.[28]

9.       The Court may examine documents and other evidence that is attached to a motion to dismiss as long as the evidence is referred to in the complaint and central to the plaintiff's claims.[29]

10.       When a defendant attaches to a Rule 12(b)(6) motion to dismiss video evidence that is

---

[21] *Id*. (citation omitted).
[22] *Twombly*, 550 U.S. at 570
[23] *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).
[24] *Twombly*, 550 U.S. at 555.
[25] *See Fernandez–Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993).
[26] *Evans v. City of Houston*, 246 F.3d 344, (5th Cir. 2001)(emphasis added) (*quoting, Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000)).
[27] *Id*.
[28] *City of Canton v. Harris,* 489 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
[29] *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

referred to in the complaint and central to it, a court may consider that evidence.[30] The Court should consider video evidence and only discount the allegations in the Complaint when the video "blatantly contradict[s]" the plaintiff's well-pleaded factual allegations.[31]

11.    The factual allegations in Plaintiff's Complaint that he was "pretending to record" or was actually recording are documented in the video footage[32] from the date of the incident as alleged by Plaintiff and are central to Plaintiff's claims.  These videos are central to Plaintiff's claims that he was the victim of excessive force by Roman who allegedly intended to discriminate against him on the basis of his First Amendment expressive activities.  They are also central to his claims for failure to intervene and failure to provide medical care.

12.    The body cam videos directly contradict Plaintiff's allegations.  Therefore, the Court may examine the videos in considering Defendant Roman's averments in this Motion.

**B.      Qualified Immunity.**

13.    Qualified immunity shields an officer from liability if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." [33] In order to overcome qualified immunity, a plaintiff must show that the officer (1) violated a constitutional right; and (2) that "the right at issue was 'clearly established' at the time of [the] alleged misconduct."[34]  Courts have discretion to address either or both prongs.[35]

---

[30] *See, Inclusive Cmty. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019); *Hartman v. Walker*, 685 F. App'x. 366, 368 (5th Cir. 2017) ("[O]n a motion to dismiss, the court is entitled to consider any exhibits attached to the complaint, including video evidence ... [and] the court is not required to favor plaintiff's allegations over the video evidence.").

[31] *See, Ramirez v. Martinez*, 716 F.3d 369, 374–75 (5th Cir. 2013); *Griffin v. City of Sugar Land, Texas*, 2019 WL 175098, *6 (S.D. Tex. Jan. 11, 2019), aff'd, 787 F. App'x 244 (5th Cir. 2019); *Rivera v. City of Pasadena*, 555 F. Supp. 3d 443, 452 (S.D. Tex. 2021).

[32] [Dkt. 1, ¶¶ 23; 49; 57; 96]; see **Exhibit A (Dulce Gonzalez Declaration), A1 through A6 (Video Recordings)**.

[33] *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

[34] *Id*. at 232, 129 S.Ct. 808 (quotation omitted).

[35] *Id.*; *Ramirez v. Escajeda*, 44 F.4th 287, 291 (5th Cir. 2022).

14. Once the qualified immunity defense is raised, the plaintiff possesses the burden of showing that the facts alleged demonstrate that the officer violated a constitutional right, and that the right was clearly established at the time of the violation.[36] This is a fact-specific inquiry to be made from the perspective of an objectively reasonable officer at the scene, rather than in hindsight.[37] Considering the Supreme Court's decision in *Pearson v. Callahan*, the courts are permitted to consider the question of whether a defendant is entitled to qualified immunity without determining whether or not the plaintiff's constitutional rights were violated.[38] The Court is to decide if the conduct was objectively reasonable in light of clearly established law at the time of the incident.[39]

15. "When properly applied, it [*qualified immunity*] protects all but the plainly incompetent or those who knowingly violate the law."[40] Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.[41] Courts must "frame the constitutional question with specificity and granularity," and not "at a high level of generality."[42] Defendant Roman is entitled to qualified immunity under the facts plead in Plaintiff's Complaint and video evidence submitted as Defendant Roman's actions as to Plaintiff were objectively reasonable.

## IV. MOTION TO DISMISS DEFENDANT ROMAN

### A. First Amendment Retaliation.

---

[36] *Pearson v. Callahan,* 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (discussing the modified inquiry under *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).
[37] *Graham v. Connor,* 490 U.S. 386, 109 S. Ct. 1865, 1871, 104 L.Ed.2d 443 (1989).
[38] *Pearson,* 555 U.S. at 236 (2009).
[39] *Brown v. Callaghan,* 623 F.3d 249, 253 (5th Cir. 2010).
[40] *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 2085, 179 L.Ed.2d 1149 (2011).
[41] *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013).
[42] *Ramirez*, 44 F.4th at 292 (quoting *Morrow v. Meachum*, 917 F.3d 870, 874-75 (5th Cir. 2019) and *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).

16.     The First Amendment prohibits "adverse governmental action against an individual in retaliation for the exercise of protected speech activities."[43] Plaintiff must show "(1) [he was] engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against [his] exercise of constitutionally protected conduct."[44] "To prevail on such a claim, a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.' "[45] While filming police is a protected right, that right is not without limitations and is subject to reasonable time, place and manner restrictions and need not be the least restrictive or least intrusive means to serve a governmental interest.[46]

17.     As an initial matter, there are no plausible claims against Defendant Roman as to First Amendment Retaliation. There is no clearly established right to film in the police department, much behind closed doors at the police department.[47] Plaintiff avers and acknowledges he was invited into an office at the Police Department from the lobby; he further avers Roman walked out of the office, turned off the lights, and Plaintiff stated "I need to record this."[48] The video evidence establishes Plaintiff was in an office in a restricted area, then began filming in the Police Department as he was being escorted out of the restricted area, propped his foot on the door to the restricted area in an effort to keep it open to film behind there, and continued to film in the police department lobby area.[49] The Defendant City had a reasonable time, place and manner restriction

---

[43] *Keenan v. Tejeda,* 290 F.3d 252, 258 (5th Cir. 2002).
[44] *Izen v. Catalina,* 398 F.3d 363, 367 (5th Cir.2005).
[45] *See Nieves v. Bartlett*, 204 L. Ed. 2d 1, 139 S. Ct. 1715, 1722 (2019) (quoting *Hartman*, 547 U.S. at 259, 126 S.Ct. 1695).
[46] *Turner v. Lieutenant Driver*, 848 F.3d 678, 690 (5th Cir. 2017) (citations omitted).
[47] *Id.* at 687 (no clearly established First Amendment right to record police at the police station).
[48] [Dkt. 1, ¶¶ 18; 21-22].
[49] *See,* **Exhibit A1 at 16:06:24-16:06:44; Exhibit A2 at 16:06:29-57; Exhibit A4 at 16:37:44-16:37:50; and Exhibit A6**.

for no filming which is evidenced in the video, to which Roman acted objectively reasonably moving Plaintiff out of a restricted area, assuming arguendo there was a clearly established right to film at the police department.[50]

18.     Roman is entitled to qualified immunity as there was no constitutionally protected conduct or clearly established law to film in a police department, at the time of the alleged challenged conduct, and no injury as noted below.  There are no allegations that support he was engaged in a clearly established right or experienced any retaliatory conduct by Roman.[51]  The video clearly disputes Plaintiff's allegations that Defendant Roman was motivated by Plaintiff's videotaping. The video clearly shows Roman's interview of Plaintiff in an office setting and no videotaping occurred until Roman concluded the meeting.[52]  Because there are no plausible claims against Roman for First Amendment retaliation, he should be dismissed.[53]

**B.     Unlawful Seizure & Excessive Force.**

19.     "To establish a claim of excessive force under the Fourth Amendment, plaintiffs must demonstrate: '(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'"[54]  The reasonableness inquiry in excessive force cases is an objective one—the question is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."[55]  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[56]  "Thus, not every push or shove, even if it may later seem

---

[50] *See, Saucier v. Katz,* 533 U.S. 194, 202 (2001).
[51] [Dkt. 1, ¶¶  Count I].
[52] *See,* **Exhibit A6.**
[53] [Dkt. 1, Count I ¶¶ 45-54].
[54] *Ramirez*, 44 F.4th 287, 291 (5th Cir. 2022)(quoting *Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022)).
[55] *Graham,* 490 U.S. at 397 (internal quotation and citation omitted).
[56] *Tucker v. City of Shreveport*, 998 F.3d 165, 171 (5th Cir. 2021), *cert. denied sub nom. Tucker v. City of Shreveport*,

unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."[57] "Because '[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," however, its proper application requires careful attention to the facts and circumstances of each particular case, including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight.[58] The reasonableness of an officials' actions is based on how a reasonable officer would have perceived the facts, even if those facts are disputed.[59]

20.     Plaintiff's Original Complaint contains no facts to plausibly show Defendant Roman engaged in any act that resulted in a constitutional deprivation of his rights, much less a violation of clearly established law for excessive force. Plaintiff avers Roman used excessive force when he was allegedly grabbed and assaulted.[60] Plaintiff's claim of excessive force fails because he pleads and the video evidence supports no more than a *de minimis* injury required for a viable constitutional claim.[61] Furthermore, Plaintiff avers his filming resulted in the reason for the use of force by Roman, but the video evidences him moving around not evidencing any hurt or wincing, avoiding Roman, not being grabbed or assaulted by Roman as he avers by the arm/shoulder, and not even receiving a forceful shove, while Plaintiff is propping the door open

---

*Louisiana*, 211 L. Ed. 2d 388, 142 S. Ct. 419 (2021).
[57] *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015).
[58] *Graham v. Connor*, 490 U.S. 386, 396, 119:24:38-19:29:4409 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Poole v. City of Shreveport*, 691 F.3d 624, 627–28 (5th Cir. 2012).
[59] *Tucker,* 2021 WL 1973562 at * 3 (5th Cir. 2021).
[60] [Dkt. 1, ¶¶ 57-58].
[61] [Dkt. 1, ¶¶ 55-61]; **Exhibit A4 at 16:37:55-16:38:17**.

so Roman can move him out of the restricted door.[62] Plaintiff complains of left shoulder injuries, much less any severe or lasting injury as required to constitute a constitutional injury.[63] Roman is entitled to qualified immunity and there is no plausible claim for relief for excessive force and should be dismissed.

**C.      Plaintiff fails to state a viable claim for denial of medical care.**

21.     Plaintiff's allegations of denial of medical care are vaguely asserted under the 14th Amendment.[64] Plaintiff alleges Roman failed to provide him medical care based on the alleged excessive force by Roman.

22.     Plaintiff fails to allege a policy that is the moving force for the denial of medical care claim. Instead, Plaintiff merely makes vague allegations and claims of alleged observations of his alleged injuries and "deliberate indifference" which is not a policy to establish a moving force in this alleged denial of medical care.[65] This claim therefore fails to assert a proper failure to provide medical care against Roman because Plaintiff received medical care.[66]

23.     Defendant Roman asserts his qualified immunity from this claim by Plaintiff for failure to provide medical care.

**D.      Plaintiff fails to state a viable claim for failure to intervene.**

24.     Plaintiff vaguely avers Roman failed to intervene in the force used by him against Plaintiff.[67] In order to prove a failure to intervene claim, a plaintiff has to prove: An officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3)

---

[62] *See,* **Exhibit A1 at 16:06:35-16:06:45; Exhibit A2 at 16:06:50-16:06:53; Exhibit A4 at 16:37:55-16:38:17.**
[63] *Brown v. Coulston*, 463 F. Supp. 3d 762, 780, 781 (E.D. Tex. 2020)(unsupported allegations of injury, without more, do not articulate more than de minimis physical injury).
[64] [Dkt. 1, ¶¶ 62-71].
[65] [Dkt. 1, ¶ 68; Count III].
[66] *Monell,* 436 U.S. at 690-691; see Exhibit A5.
[67] [Dkt. 1, Count VI].

had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act.[68]

25.      Plaintiff's conclusory and vague allegations about failure to intervene by Roman does not overcome his entitlement to qualified immunity.[69]  First, Plaintiff cannot allege a claim by Roman failing to intervene for Roman's own alleged acts against Plaintiff.  Next, Plaintiff makes his effort to video central to his claims about failing to intervene, but the video evidence submitted here establishes this is simply not true.[70]   There was no need to intervene because there is no constitutional right that was violated, no assault occurred, no harm occurred, no force was used.[71] Plaintiff does not have a viable failure to intervene claim and Roman is entitled to qualified immunity and he should be dismissed.[72]

## V.  **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Defendant Roman respectfully requests that the Court grant his Motion to Dismiss and dismiss all of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6), grant Defendant Roman qualified immunity, and for such other and further relief to which he may show themselves to be justly entitled, at law and in equity.

---

[68] *Joseph on behalf of Est. of Joseph v. Bartlett,* 981 F.3d 319, 343 (5th Cir. 2020) (citations omitted).
[69] [Dkt. 1, ¶¶ 78; 80].
[70] *See*, **Exhibits A1; A3; A6.**
[71] *See*, **Exhibits A1; A2 at 16:06:36-16:06:50.**
[72] *See e.g., Armstrong v. Ashley*, 60 F.4th 262, 280 (5th Cir. 2023) (dismissing failure to intervene claim for failure to specify or detail who did what and whether there was any defendant knew of misconduct).

Respectfully submitted,

DENTON NAVARRO RODRIGUEZ BERNAL
SANTEE & ZECH
A Professional Corporation
2517 North Main Avenue
San Antonio, Texas 78212
Telephone:     (210) 227-3243
Facsimile:     (210) 225-4481
pbernal@rampagelaw.com
cmrodriguez@rampagelaw.com
csanchez@rampagelaw.com


By:     */s/ Patrick C. Bernal*
PATRICK C. BERNAL
State Bar No. 02208750
CLARISSA M. RODRIGUEZ
State Bar No. 24056222
CORINA SANCHEZ
State Bar No. 24117013
COUNSEL FOR DEFENDANTS


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this 20th day of January, 2026, to the following:

Arturo Rodriguez                         **CMRRR # 9489 0090 0027 6658 7590 68**
205 Foster Drive                         **& Copy First Class Regular Mail**
Del Rio, Texas 78840                     **& Email:** artrod67@msn.com
*Pro Se*


*/s/ Patrick C. Bernal*
PATRICK C. BERNAL
CLARISSA M. RODRIGUEZ
CORINA SANCHEZ