**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | | |
|---|---|---|
| **ARTURO RODRIGUEZ,** §<br>     **Plaintiff,** §<br> §<br> §<br> **v.** §<br> §<br> §<br> **CITY OF DEL RIO, RICK ROMAN,** §<br> **JOHN DOE, and FRANK RAMIREZ,** §<br>     **Defendants.** § | | **Civil Action No.**<br>**2:25-CV-00074-EG-JAC** |

**NOTICE OF CONVERSION**

Presently pending before the Court are two motions to dismiss filed by Defendants City of Del Rio, Frank Ramirez, John Doe, and Rick Roman.  Dkt. Nos. 26, 28.  Defendant Roman incorporated into his motion, and attached as exhibits, several angles of surveillance footage capturing the inciting incident that is the basis of this suit.  *See* Dkt. No. 28-1.  Despite the fact that Plaintiff subsequently referenced the video footage in his response to Defendants' motions to dismiss, the Court may not consider evidence which has not been attached to the complaint as an exhibit, nor incorporated by reference into the complaint.

Generally, courts may not look beyond the four corners of the pleadings when evaluating a Rule 12(b)(6) motion to dismiss.  *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) ("A district court is limited to considering the contents of the pleadings and the attachments thereto when deciding a motion to dismiss under Rule 12(b)(6).").  However, a court may consider video evidence that has been incorporated by reference into the complaint and is central to the plaintiff's claims.  *Id*.; *see also Hodge v. Engleman,* 90 F.4th 840, 844 (5th Cir. 2024). Here, the surveillance footage is central to Plaintiff's claims but is not referenced in the complaint.

Rather, it is first mentioned in Defendant Roman's motion to dismiss and later in Plaintiff's response. Therefore, it is improper to consider such evidence at the motion to dismiss stage. *See Ramos v. Taylor,* 646 F. Supp. 3d 807, 814-15 (W.D. Tex. 2022) (declining to consider video footage, even where the plaintiff referenced the video in the complaint for the purpose of criticizing its reliability).

Having determined that the Court may not rely on the surveillance footage at the motion to dismiss stage, the undersigned chooses to convert Roman's motion, as well as the second motion to dismiss, to motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[1] *See* Fed. R. Civ. P. 12(d). Under Rule 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The video's authenticity and reliability are not in dispute, and its depiction of events is central to a determination of the validity of *all* of Plaintiff's claims.

However, before converting the motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to" the motion for summary judgment. Fed. R. Civ. P. 12(d). Accordingly, the Court **ORDERS** that Defendants shall have until **May 15, 2026,** to supplement their motions with any additional summary judgment evidence. Plaintiff Arturo Rodriguez shall then have until **May 29, 2026,** to supplement his response to the motions. Defendants shall have until **June 8, 2026,** to file supplemental replies.

**SIGNED** this 1st day of May, 2026.

JOSEPH A. CORDOVA
UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 56 allows a court to consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.