UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| ARTURO RODRIGUEZ | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| vs. | § | No. 2:25-CV-00074-EG-JAC |
| | § | |
| | § | |
| CITY OF DEL RIO, | § | |
| RICK ROMAN-POLICE CAPTAIN, | § | |
| JOHN DOE-POLICE OFFICER | § | |
| FRANK RAMIREZ-CHIEF OF POLICE | § | |
| *Defendants* | § | |

**DEFENDANTS' SUPPLEMENTAL ARGUMENTS, AUTHORTIES, AND EVIDENCE
FOR MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THE U.S. DISTRICT COURT:

COME NOW Defendants CITY OF DEL RIO ("City") and POLICE CHIEF FRANK

RAMIREZ, POLICE OFFICER JOHN DOE, and RICK ROMAN ("Defendant Officers"),

collectively "Defendants," and file Supplemental arguments, authorities, and evidence for a

Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(d), 56 and the

Court's Order [Dkt. 35], and would respectfully show the Court as follows:

**I.
PROCEDURAL HISTORY & FACTUAL BACKGROUND**

1.      On September 25, 2025, Plaintiff Arturo Rodriguez ("Plaintiff") filed an Original

Complaint  ("Original Complaint") alleged federal claims of violations of the First, Fourth and

Fourteenth Amendments of the United States Constitution against Defendants.[1]   Plaintiff filed an

---

[1] [Dkt. 1].  Plaintiff refers to exhibits, however, there are no exhibits attached to his Complaint.

Application to Proceed Forma Pauperis which was granted by the Court on November 19, 2025.[2] Defendants City and Doe[3] filed a Motion to Extend Time prior to the deadline to file a responsive pleading, requesting a 30-day extension to perform conflict checks and prepare a federal court responsive pleading, or by January 12, 2026.[4]   The Court granted said motion.[5]

2.      On January 12, 2026, Defendants City, Ramirez and Doe filed a Motion to Dismiss Plaintiff's Original Complaint.[6]   On January 20, 2026, Defendant Roman filed a Motion to Dismiss.[7]   Plaintiff filed a response to both Motions; and Defendants filed a Reply thereto.[8]

3.      On May 1, 2026, the Court entered an order converting Defendants' Motions to Dismiss to a Motion for Summary Judgment, permitting Defendants to supplement their motions with any additional summary judgment evidence.[9]

## II.
## SUPPLEMENT AS SUMMARY JUDGMENT EVIDENCE

4.      In addition to the video recordings attached to Defendant Roman's Motion to Dismiss [Dkt 28], Defendants hereby supplement the following evidence for consideration and in support of a summary judgment for all Defendants:

| Exhibit B | Declaration of Dulce Gonzalez, Internal Affairs Investigator for the City of Del Rio and attachments: |
|---|---|
| **Exhibit B1:** | Video entitled, "Lobby 1_S20231002172413_E20231002173512(1)" |
| **Exhibit B2:** | Del Rio Police Department Internal Affairs Office Memorandum by IA Investigator Dulce Gonzalez, dated October 11, 2023 |

---

[2] [Dkt. 3, 5].
[3] Defendant Rick Roman was not served with a Summons in this case until December 29, 2025. [Dkt. 25].
[4] [Dkt. 15].
[5] [Dkt. 20].
[6] [Dkt. 26].
[7] [Dkt. 28].
[8] [Dkt. 33, 34].
[9] [Dkt. 35].

5.      With regard to the October 2, 2023 incident, Plaintiff alleges he suffered physical pain, emotional distress, medical expenses and lost wages as a direct result of excessive force that he was subjected to in the incident.[10]    Plaintiff alleges a 42 U.S.C. §1983 *Monell* claim against the Defendant City.[11]    Plaintiff seeks to recover monetary, other damages, and punitive damages.[12] However, the videos submitted with Defendant Roman's Motion to Dismiss[13], and supplemental videos and IA Investigator Gonzalez's report submitted here directly contradict Plaintiff's allegations concerning his interactions with Defendant officers.[14]

6.      Therefore, the Defendants are submitting videos and IA Memorandum for the Court's consideration pursuant to Federal Rule of Civil Procedure 12(d) and respectfully requests the Court grant qualified immunity to the Defendant Officers and dismiss the City for Plaintiff's failure to properly invoke the jurisdiction of the Court, state a viable claim, or create genuine issues of material facts and are entitled to judgment as a matter of law.    Thus, all Defendants seek dismissal of Plaintiff's lawsuit in its entirety.

## III.
## PLAINTIFF'S CLAIMS

7.      Plaintiff asserts the following causes of action against Defendants for incidents allegedly occurring on October 2, 2023:

CITY and FRANK RAMIREZ -
        First Amendment – retaliation
        *Monell* – failure to train or supervise

---

[10] [Dkt. 1, Damages, pp. 17-18].
[11] [Dkt. 1 ¶¶ 82-98].
[12] [Dkt. 1, Damages, pp. 17-18]; Plaintiff has pending criminal proceedings based on some of the factual allegations as it pertains to this Original Complaint.   These criminal proceedings are styled, *State of Texas v. Arturo Rodriguez*, Case Numbers 24-072-CR; 24-431-CR; 24-432-CR and 24-433-CR.
[13] [Dkt. 28]
[14] *See,* **Exhibit A, Dkt. 28-1 (Gonzalez Declaration and attachments); Exhibit B (5/14/2026 Gonzalez Declaration and attachments).**

RICK ROMAN -
First Amendment – retaliation
Fourth Amendment – excessive force
Fourteenth Amendment – denial of medical care

JOHN DOE -
Fourteenth Amendment – failure to intervene

## IV.
## ARGUMENTS & AUTHORITIES[15]

8.    The Court is converting Defendants' Motions to Dismiss to a Motion for Summary Judgment and permitting supplemental authority. When ruling on a motion for summary judgment, the Court must view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.[16]    However, when the nonmoving party fails "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment."[17]

9.    Defendants rely on *Scott v. Harris*[18] to support their proposition for summary judgment that the Plaintiff's version of the events is "so utterly discredited" by videos "that no reasonable jury could believe Plaintiff's version of the events."   Defendants contend that the videos previously submitted and the new one supplemented here are more in line with Defendants' versions of the events and discredit Plaintiff's contentions on violation of his constitutional rights or injuries. In this respect, Defendants agree with the *Scott* holding in its evaluation of videos that the court should have viewed the facts in light depicted by the videotape, and **not** in a light most

---

[15] Defendants re-assert their factual averments and legal arguments in Dockets 26, 28 and 34 for qualified immunity and all of Plaintiff's claims as to the conversion of the motions under Fed. R. Civ. P. Rule 12(d).
[16] *Boudreaux v. Swift Transp. Co., Inc.,* 402 F.3d 536, 540 (5th Cir. 2005).
[17] *Broadcast Music, Inc. v. Bentley,* Civil Action No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).
[18] 550 U.S. 372, 380-81 (2007).

favorable to the nonmovant, in this case.[19]    The videos of the police department's restricted areas and lobby with Plaintiff's presence blatantly discredit Plaintiff's contention that any of his rights were violated or that he was injured.    There is no contradicting evidence Plaintiff can provide contradicting Officer Roman's actions towards Plaintiff; summary judgment is warranted for him and all Defendants.

10.    In addition, Defendants submit the internal affairs report of IA Investigator Gonzalez, an experienced investigator for the Del Rio Police Department based on the incident in question and the basis of Plaintiff's allegations.[20]    After a meeting with Plaintiff and Roman ended, her report notes and has photos evidencing a "Restricted/Controlled Area- Entrance Requires Escort by Authorized Personnel" sign at the metal main door to the lobby area leadings to Capt. Roman's office.[21]    She notes Plaintiff did not exit the restricted area after being asked to leave when Plaintiff began filming.    Plaintiff's refusal to leave required Roman to guide Plaintiff on the lower back area to outside the metal door into the lobby outside the restricted area.[22]    There are no harsh movements by Roman and no collision on any walls.[23]    Roman attempted to close the metal door, but Plaintiff prevented the closure and Roman had to pull the door closed.[24]    The IA report by Investigator Gonzalez includes references to a Texas Rangers report, noting the same review of the video, and asking Plaintiff about injuries.[25]    Plaintiff refuses injuries, medical records, or photos of injuries.[26]

---

[19] *Id.*at 372.
[20] Exhibit B (5/14/2026 Gonzalez Declaration).
[21] [Exhibit B2, .pdf p.10].
[22] [Exhibit B2, .pdf p.3].
[23] [*Id*].
[24] [*Id*].
[25] [*Id.* at .pdf p. 5].
[26] [*Id*].

11.    The video evidence supports the IA investigation findings and facts by Investigator Gonzalez; the evidence is undisputed that there is no First Amendment retaliation against Plaintiff and the signs evidence a reasonable time, place, and manner restriction behind a restricted area at the Police Department which Plaintiff refused to leave. [27]    Her own interviews, the video she reviewed, and Texas Rangers investigation review also establish it is undisputed Plaintiff did not suffer any injuries in this incident.    There is no clearly established right to be in a restricted area in a police department; here, there is no factual dispute as to the existence of a restricted area and the actions to remove Plaintiff were not motivated by depriving him of his First Amendment rights to film. [28]    From the video evidence and IA report, it was reasonable for Roman, and even to Doe, to ask Plaintiff to leave the restricted area after the meeting concluded based on the circumstances. [29]    Finally, the IA investigation exonerated Defendant Roman finding the incident was lawful and proper. [30]    Thus, Defendant Roman is entitled to qualified immunity and dismissal of all claims against him is proper.

12.    As previously asserted by Defendant Doe, Plaintiff's claims against Defendant Doe are speculative and vague and should be dismissed.    The supplemental video evidence and IA report support the fact that there is no controverting evidence or factual dispute as to some other officer's involvement in the incident, failure to intervene, or provide medical care to support a constitutional violation. [31]    Finally, Plaintiff fails to identify the Doe Defendant in Complaint or in his Response

---

[27] *See e.g., Turner v. Lieutenant Driver,* 848 F.3d 678, 690 (5th Cir. 2017) (filming the police "may be subject to reasonable time, place, and manner restrictions") (Citations omitted).

[28] [Exhibit B-2 at p. 2]; *see e.g., Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002) (must establish non-conclusory facts engaging in constitutionally protected activity; to state a First Amendment retaliation claim, a plaintiff must allege plausible facts indicating that "the defendants' adverse actions were *substantially motivated* against the plaintiffs' exercise of constitutionally protected conduct.").

[29] *See, McCleary v. McClure,* No. SA-07-CA-0315-OG, 2007 WL 9710811, at *2 (W.D. Tex. Dec. 10, 2007) (defendants shielded from liability if there is no violation of clearly established rights; clearly established rights are whether it would be clear to an officer if conduct was unlawful in that situation) (citations omitted).

[30] [Exhibit B-2 at cover page, .pdf p. 3].

[31] [Exhibit B-1, Dkt. 28-1; and Exhibit B-2 at .pdf pp. 1-3].

to the Motion to Dismiss.   Failure to do so warrants dismissal of Defendant Doe because Plaintiff must identify the persons personally involved in the constitutional violation or whose acts are tied.[32]

13.     The evidence is undisputed to support any allegations against Defendant Ramirez or that he acted with deliberate indifference towards Plaintiff.   Plaintiff's averments in the Complaint as to Defendant Ramirez are vague and limited, and do not assert specific facts as to his involvement in the incident.[33]   In order to support his § 1983 claims, Plaintiff must aver allegations about personal involvement in the alleged constitutional deprivation of rights or engaged in wrongful conduct in connection with the constitutional violation, including providing a command, signal or other direction to deprive constitutional rights.[34]   The videos and IA investigations support a complete lack of involvement or directive by Defendant Ramirez which would have violated any of Plaintiff's constitutional rights for First Amendment or any other of Plaintiff's claims.   The claims for First Amendment retaliation against Defendant Ramirez are also vague, conclusory, and the video and IA report support undisputed fact issues, and he is also entitled to qualified immunity and dismissal as previously asserted.[35]   Furthermore, Defendant Ramirez as the Chief is not a final policymaker to sufficiently assert a *Monell* claim or individual or official liability.[36] Plaintiff fails to assert and cannot provide any supporting evidence that the Chief is a final

---

[32] *See e.g., Roberts v. City of Shreveport,* 397 F.3d 287, 291–92 (5th Cir.2005) (quoting *Woods v. Edwards,* 51 F.3d 577, 583 (5th Cir.1995) ("[a]s a prerequisite, a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged").

[33] [See Dkt. 1, ¶¶ 45-46 83, 85, 97].   Plaintiff's attempts to create allegations in his response as to Defendant Ramirez are insufficient to withstand dismissal as they were not asserted in the Complaint.   [See Dkt. 33].

[34] *Turner v. Lieutenant Driver,* 848 F.3d 678, 695–96 (5th Cir. 2017).

[35] *See id*. (noting personal involvement required for supervisory liability under § 1983).

[36] Plaintiff makes vague averments and one reference to Defendant Ramirez; sued in individual capacity but allegations support official capacity.   [Dkt. 1 at ¶¶ 45-46]; *see e.g., Arevalo v. City of Farmers Branch*, No. 3:16-CV-1540-D, 2017 WL 5569841, at *6 (N.D. Tex. Nov. 20, 2017) (finding plaintiff failed to plausibly plead that police chief was a final policymaker by relying on conclusory assertions) (citations omitted).

policymaker for the City.    No authority has been delegated to Defendant Ramirez.[37]    The video evidence is uncontroverted that Defendant Ramirez was not there at the time of the incident forming the basis of Plaintiff's claims, nor are there allegations or facts to support personal involvement or final policymaker status. In fact, he is not, the City Council is the final policy maker and as such, without evidence or facts to support Defendant Ramirez personal involvement summary judgment is appropriate.[38]

14.    The previous and supplemental evidence submitted by Defendants support dismissal of Plaintiff's claims for the City and Defendant Ramirez as there is no disputed fact issue for the failure to train or supervise claim.    A failure to train or supervise claim must establish: (1) failure to train or supervise an officer; (2) there is a causal connection between the alleged failure to train or supervise and the alleged violation of Plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to Plaintiff's constitutional rights, tantamount to a "policy" of the municipality.[39]    In addition to the conclusory and vague allegations by Plaintiff, the evidence and supplemental evidence establishes no disputed fact issue of deliberate indifference by the City by any City policymaker which defeat Plaintiff's failure to train or supervise claims.    In fact, Plaintiff disregarded the actions and commands by Roman, and he was exonerated in two official

---

[37] *See, Evans v. City of Houston*, 246 F.3d 344, (5th Cir. 2001)(emphasis added) (*quoting, Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000)) (*Monell* standard as for *whom the lawmakers have delegated* policymaking authority." (emphasis added).

[38] The Defendants ask the Court to take judicial notice of the City's City Charter on final policymaking authority and code of ordinances on the Chief's status.   Fed. R. Evid. 201. See Del Rio City Charter Section 22- Administrative departments:
https://library.municode.com/tx/del_rio/codes/code_of_ordinances?nodeId=CH_ARTIITHCO_S22ADDE        (last visited May 15, 2026); see also Del Rio City Code of Ordinances Chapter 2, Article II, Section 2-23, Powers and Duties of Council at:
https://library.municode.com/tx/del_rio/codes/code_of_ordinances?nodeId=COOR_CH2AD_ARTIICO_S2-
23PODU    (last    visited    May    15,    2026);    Article    II,    Chapter    22,    Sections    22-27:    22-29    at
https://library.municode.com/tx/del_rio/codes/code_of_ordinances?nodeId=COOR_CH22PO_ARTIICH (last visited May 15, 2026).

[39] *Brumfield v. Hollins,* 551 F.3d 322, 332 (5th Cir.2008).

investigations.[40]    Plaintiff fails to meet the threshold for *Monell* liability as Plaintiff has failed to identify any deficiency in the City's training program for failing to allege repeated prior incidents showing the immediate need for training for meeting with Plaintiff or handling his issues while at the police department.

15.    Thus, it is undisputed that there were no training or supervision issues by the City for an actionable policy or custom claim by Plaintiff.    Summary judgment is appropriate and this claim should be dismissed.[41]

16.    The video and IA evidence show objectively reasonable force by Roman and resulted in *de minimus* injuries as noted in the IA report and review of same by Gonzalez of the Texas Rangers report too for the failure to provide medical care claim by Plaintiff.[42]    Furthermore, Plaintiff was not in Roman's custody[43] when he asserted alleged injuries, he rejected any injury during the Texas Rangers investigation for the incident, and requested and received medical care.[44]   Even assuming arguendo a claim against the City for denial of medical care, the video evidence conclusively establishes Plaintiff **did** receive medical care by the Defendant City.[45]    Defendant Roman, nor any other Defendant, acted with deliberate indifference and the Defendants' evidence supports the facts are undisputed as to this claim.[46]   There are no factual disputes here as to any

---

[40]  *See*, Exhibit B-2.

[41]   *See e.g. id.* ("Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983") (citations omitted). *See also, Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (without a constitutional violation, a supervisor cannot be liable for supervising one, ratifying one, or for failing to train his employees to avoid one).

[42]  [Dkt. 1 at Count III]; *see e.g., Ratliff v. Aransas Cnty.*, 948 F.3d 281, 287 (5th Cir. 2020) (cleaned up) (noting that force is measured "from the perspective of a reasonable officer on the scene.") (citations omitted); *see also, Smith v. Heap,* 31 F.4th 905, 912 (5th Cir. 2022) (*de minimus* injuries do not support excessive force claim). *See*, Exhibit B-1, Dkt. 28-1; and Exhibit B-2.

[43]  Plaintiff was never in the "custody" of Roman or the City; he was there at the Police Offices to meet with Roman on a complaint about a parking issue.   [See Dkt. 1 ¶¶ 18-21; Exhibit A, A1-A6; and Exhibit B, B1-B2].

[44]  [Exhibit A, A1-A6; and Exhibit B, B1, B2, .pdf pp. 3-5].

[45]  [Exhibits A3, A4, A5].

[46]   *See e.g., Smith,* 31 F.4th at 913 ("Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind.") (citations and quotations omitted).

constitutional violation for failure to provide medical care; Plaintiff cannot sustain his excessive force claim against Defendant Roman or any other Defendant and his claims should be dismissed. Furthermore, Defendant Roman is entitled to qualified immunity for this claim.

**V.**
**CONCLUSION**

17.     Plaintiff's claims against Defendants are unsupported by the facts or case law. Plaintiff fails to establish genuine issues of material fact for any of his claims against any Defendant. Plaintiff fails to state facts and cannot controvert the Defendants' evidence[47] in support of his claims for constitutional violations or for damages against the Defendants.   Thus, summary judgment is appropriate and all claims against all Defendants should be dismissed.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court consider its prior arguments, authorities, video evidence and supplemental evidence submitted under FRCP 12(d), grant a Summary Judgment in their favor based on qualified immunity for Defendants Ramirez, Roman and Doe, dismiss all of Plaintiff's claims against all Defendants pursuant to FRCP 56 and for such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

---

47 [Exhibit A, A1-A6; and Exhibit B, B1-B2].

SIGNED this 15th day of May, 2026.

Respectfully submitted,

DENTON NAVARRO RODRIGUEZ BERNAL
SANTEE & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:    (210) 227-3243
Facsimile:    (210) 225-4481
pbernal@rampagelaw.com
cmrodriguez@rampagelaw.com


BY:    */s/ Clarissa M. Rodriguez*
         PATRICK C. BERNAL
         State Bar No. 02208750
         CLARISSA M. RODRIGUEZ
         State Bar No. 24056222
         CORINA SANCHEZ
         State Bar No. 24117013
         ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this 15th day of May, 2026, to the following:

Arturo Rodriguez                    **CMRRR # 9489 0090 0027 6658 7591 43**
205 Foster Drive                    **& Copy First Class Regular Mail**
Del Rio, Texas 78840                **& Email:**  artrod67@msn.com
*Pro Se*


                                    */s/ Clarissa M. Rodriguez*
                                    PATRICK C. BERNAL
                                    CLARISSA M. RODRIGUEZ
                                    CORINA SANCHEZ