# EXHIBIT "B"

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

| | | |
|---|---|---|
| **ARTURO RODRIGUEZ** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| **vs.** | § | **No. 2:25-CV-00074-EG-JAC** |
| | § | |
| | § | |
| **CITY OF DEL RIO,** | § | |
| **RICK ROMAN-POLICE CAPTAIN,** | § | |
| **JOHN DOE-POLICE OFFICER** | § | |
| **FRANK RAMIREZ-CHIEF OF POLICE** | § | |
| *Defendants* | § | |

## DECLARATION OF DULCE GONZALEZ

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF VAL VERDE | § |

My name is Dulce Gonzalez.  I am over the age of eighteen (18) years, am of sound mind, and am fully capable of making this declaration.  I am personally familiar with facts recited below, which are true and correct.

Currently, I hold the position of Corporal and Internal Affairs Investigator for the City of Del Rio ("City") Police Department.  I am personally familiar with the lawsuit referenced above filed by Arturo Rodriguez ("Rodriguez") against the City and its police officers based upon an incident ("incident") occurring on October 2, 2023.

In addition to my review of video recordings listed in my Declaration attached to Defendant Rick Roman's Motion to Dismiss [Dkt. 28-1], I reviewed another video recording of the lobby of the City's Police Department attached herein as **Exhibit B1.**

As part of the internal affairs investigation I conducted into the incident, I observed the recordings of the lobby and restricted area of the incident made basis of this lawsuit and conducted witness interviews.  I concluded Capt. Roman did not assault Rodriguez.  Capt. Roman attempted to grab Rodriguez's arm but he moved his arm therefore no pulling of the arm occurred.  Capt. Roman then walked behind Rodriguez and placed his hands on his lower back to guide him out of an area that is considered "Restricted" and where Rodriguez was no longer allowed or welcomed to remain. Based

Declaration of Dulce Gonzalez                                                                          Page 1

on my experience, the minor contact between Roman and Rodriguez is justified within the use of force continuum of the Del Rio Police Department, no excessive force was utilized against Rodriguez. *See,* **Exhibit B2, p. 4.**

In my capacity as Internal Affairs Investigator, I serve as a Custodian of Records for the City's Police Department, including the video recordings referenced above. Of those records, attached hereto is a true and correct copy of the above-referenced video on compact discs and/or flash drives of the digital recordings reflecting:

**Exhibit B1:**    Video recording entitled, "Lobby 1_S20231002172413_E20231002173512(1)"

**Exhibit B2:**    Del Rio Police Department Internal Affairs Office Memorandum by IA Investigator Dulce Gonzalez, dated October 11, 2023

The attached digital footage from the City's Police Department cameras and Internal Affairs Memorandum and supporting documents are kept by the City of Del Rio Police Department where I am a Corporal and custodian of records, in the regular course of business, and it was in the regular course of business and activity of the City of Del Rio, with knowledge of the act and contains information transmitted by the person with knowledge of the matters of the event, condition, opinion, recorded, to make the video recording or to transmit information thereof to be included in such video recordings; and the video recordings were made at or near the time of the occurrence of the matters set forth in the digital footage and was made by the regularly conducted activity as a usual practice for the City. The records and video recordings attached are exact duplicates of the originals which are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2026.

0513
_____
DULCE GONZALEZ

Declaration of Dulce Gonzalez                                                                 Page 2

*Arturo Rodriguez v. City of Del Rio, et al*
**No. DR25CV0074 (U.S.D.C. Western District, Del Rio Division)**

**DEFENDANTS' SUPPLEMENT
AND EVIDENCE FOR A MOTION FOR SUMMARY JUDGMENT
EXHIBIT B1**

**THE VIDEO RECORDING
WILL BE MAILED UNDER SEPARATE COVER**

# EXHIBIT "B-2"

 

# CC 2023-024

# CC 2023-026

# R. Roman

# FINDINGS: Exonerated

**DEL RIO POLICE DEPARTMENT**
**INTERNAL AFFAIRS OFFICE**
**MEMORANDUM**

To:     Chief of Police Frank Ramirez
             Administrative Cpt. Robert Guzman
From:  IA Investigator D. Gonzalez, Cpl. 0513
Ref:     Citizen Complaint (not officially filed)- Rodriguez Arturo CC#2023-024 & CC#2023-0026
Date:   10/11/2023

On 10/02/2023 at approximately 1530 hrs. IA Investigator D. Gonzalez received a phone call from the Records Division advising that a civilian identified as Arturo Rodriguez was in the police station's lobby. Rodriguez had requested to meet with Cpt. Rick Roman, but Roman had not arrived to meet with him.

D. Gonzalez informed Records Supervisor Bambi De La Garza to allow Cpt. Roman time to respond and if Rodriguez wished to speak to her, to call back to inform her.

Due to the known history of Rodriguez argumentative and violent tendencies towards staff, D. Gonzalez began to monitor Rodriguez via the department's video system.

A few minutes later D. Gonzalez noticed Roman arrived and met with Rodriguez in the front interview room of the police station. Rodriguez began to express his on-going concerns with the traffic cones being utilized at Sacred Heart Private School. Rodriguez had previously expressed his disagreement with the school utilizing unauthorized traffic control devices to assist with students pick up and drop off areas.

On 9/13/2023, D. Gonzalez was informed by Cpt. Roman about Rodriguez complaining to him about the manner in which Cpl. Wilson handled a call for service at Sacred Heart school after he called to complain about the traffic cones. Wilson concluded the cones were not obstructing the roadway and were utilized by school staff to aid during release time to make it safer for the children to be picked up.

Rodriguez complaint was focused on the fact that he could not park in front of the school and people had to park several blocks away from the County Court House simply because Sacred Heart School had the cones in front of the school, stating the school did not own the public street. (CC 2023-024)

On 09/13/2023 Wilson made contact with school Principal who informed him that they had been waiting for the City of Del Rio to approve the signage to indicate the area as a No Parking Zone, but the signs had not been approved as of the day of the complaint from Rodriguez.

D. Gonzalez met with Chief Ramirez and Cpt. Roman and asked if Roman could contact the City of Del Rio Street Director directly to explain the current situation and perhaps the Director could go an assess the situation and determine if the signs could be installed to alleviate the complaint at hand without leaving the children and other pedestrians at risk, and be the mediators in attempt to resolve the situation.

Chief Ramirez approved the direct contact with Street Director and Cpt. Roman made the phone call to appropriate Department. Cpt. Roman forwarded D. Gonzalez images that were taken by Wilson at the scene to indicate the cones were not affecting the flow of vehicular traffic. (images attached)

1

Cpt. Roman later informed D. Gonzalez that he spoke to the Street Director who agreed to go the area and assess the need of signs, claiming he was familiar with the issues.

During the visit with Rodriguez (10/02/2023), Cpt. Roman attempted to explain to him that he had spoken to the Street Director and the signage was in the process of approval and installation. Rodriguez interrupted Roman several times claiming he was not being truthful and that there was no topic in the City's agenda to address the issues with the signs.

Roman attempted to explain to Rodriguez again, but Rodriguez called Roman a "liar", adding the police department was "worthless", and that was the reason nobody respected the police. Roman stood up from his chair and told Rodriguez their meeting was over.

Roman turned off the office light and exited the office, while holding the metal door that divides the Lobby area from the restricted area of the police department to allow Rodriguez out of the office.

Rodriguez did not exit the restricted area of the department and continued to ensue arguments. Roman reached for Rodriguez left arm as he attempted to use the necessary force to remove him from the interior of the building. Rodriguez raised his left arm and questioned Roman's actions as he attempted to record with his phone. Roman was unable to grab Rodriguez's arm, so he walked behind Rodriguez, placing both of his hands-on Rodriguez's lower back and began to walk and guide him out of the restricted area of the department towards the public lobby area. Roman walked behind Rodriguez a few steps as Officer Lauritzen held the metal door open allowing Rodriguez to walk out freely without colliding with any walls.

Once Rodriguez was on the lobby, Roman attempted to close the metal door to restrict Rodriguez's unauthorized entrance but Rodriguez placed his left foot against the door preventing Roman to close the door. Roman pulled on the door and was able to successfully secure the metal door.

Rodriguez continued to record the interaction with his cellphone as he attempted to speak to the Records Division Clerks and / or any officer nearby.

Rodriguez paced the lobby for several minutes and began to call the Dispatch Center claiming he needed an ambulance due to an assault. Rodriguez also called wishing to speak to IA Investigator D. Gonzalez to report an assault by Cpt. Roman.

D. Gonzalez was unable to speak to Rodriguez at the time as she was meeting with Cpt. Roman who had come to her office to report the incident. Rodriguez was provided with a Citizen Complaint Form which can be visible on the video recordings. Rodriguez has filed Citizen Complaints in the past and is familiar with the process of submitting his complaint for investigation.

An ambulance was requested, while Rodriguez waited for the ambulance to arrive, he was seen explaining to a female citizen that was in the lobby, how he was allegedly assaulted by moving both arms up and swinging his arms to depict the incident to the citizen.

Upon the Paramedics arrival, Rodriguez was seen pointing at his left arm, which was now mostly immobile, as he explained how he was assaulted.

2

Rodriguez was transported to the Val Verde Regional Medical Center by EMS; at approximately 1747 hrs. his truck is seen departing the police department's parking lot after his release from the hospital.

On 10/05/2023 police was requested by Sacred Heart School as they alleged Rodriguez arrived to the location, parked in front of the school and removed some of the traffic cones in order to park.

Sgt. Mendoza responded and discovered the City of Del Rio Streets Department had installed the No Parking Signs as requested and Rodriguez was parked in a No Parking Zone.

Sgt. Mendoza issued a written warning for the traffic violation and placed the warning on the windshield of Rodriguez's unattended vehicle.

Even though D. Gonzalez did not receive an official complaint from Rodriguez in reference to the alleged assault from Cpt. Roman. D. Gonzalez reviewed the video footage to ensure Roman acted professionally and within the guidelines established by departmental policies.

After reviewing the video footage, this investigator concluded Cpt. Roman did not assault Rodriguez. Roman attempted to grab Rodriguez's arm but he moved his arm therefore no pulling of the arm occurred. Roman then walked behind Rodriguez and placed his hands on his lower back to guide him out of an area that is considered "Restricted" and where Rodriguez was no longer allowed or welcomed to remain. The minor contact between Roman and Rodriguez is justified within the use of force continuum of the Del Rio Police Department, no excessive force was utilized against Rodriguez.

Due to the fact that this investigator learned of the possible incident, a case# was assigned as any other complaint received and it was reviewed accordingly.

These cases will be closed as **Exonerated-** The incident occurred but was lawful and proper.

On November 6th, 2023 D. Gonzalez met with **Texas Ranger Michael Martin** who informed her that he was investigating an assault case against Cpt. Roman from Rodriguez.

D. Gonzalez explained to Martin that she had witnessed the incident via camera and could also provide him with the information reported by Cpt. Roman.

D. Gonzalez explained to Martin the reasoning behind the meeting with Rodriguez and Roman. D. Gonzalez provided copies of her investigative report to Ranger Martin along with the video footage for his investigation.

Martin informed D. Gonzalez he would prepare the case and forward his findings to the District Attorney's office for further review.

A few weeks later Martin visited the Del Rio Police Department and met with D. Gonzalez. Martin wished to provide a copy of his investigation report for D. Gonzalez's file.

D. Gonzalez read Martin's report in which he documented Rodriguez reported, *"Cpt. Roman became angry and grabbed him (Rodriguez) by the left arm and pulled forcefully, causing him (Rodriguez) pain."*

3

Martin also documented Rodriguez reported: *"Captain Roman then positioned himself behind him (Rodriguez) and grabbed both of his (Rodriguez) arms forcefully and shoved him (Rodriguez) through the lobby doorway."*

Martin's report documented he asked Rodriguez if he had any medical records that indicated an injury, and Rodriguez said, "no".

Martin's report also documented he asked Rodriguez for any possible photographs taken by him of injuries, Rodriguez said, "no".

Martin's report also documented that he asked Rodriguez if he had seen any redness or bruising to the affected area, and Rodriguez responded "no".

Martin closed his criminal report by documenting the following statement:
*After obtaining statements from Rodriguez and Captain Roman as well as viewing all three (3) videos that captured several angles of the incident I was able to conclude that no assault had taken place against Rodriguez from Captain Roman. In addition, I was also able to observe a "restricted area" sign that was clearly posted at the lobby door leading to the hallway that led to Captain Roman's office. I further noted that Rodriguez's dissatisfaction with the service provided to him after the incident regarding Rodriguez's initial assault complaint did not warrant an investigation by the Texas Rangers.*

**The criminal investigation outcome is pending Grand Jury Review.**

4



Roman waiting for Rodriguez to walk out, holding door open. Rodriguez does not leave



Roman walking Rodriguez out of the office, as he records with his phone. Officer Lauritzen holds door open

1



Roman trying to close the main door, Rodriguez holding door open with his left foot preventing Roman from closing the door.



Rodriguez continued to record, main door signs

2



Roman reached for Rodriguez's left arm. Rodriguez raised his arm, Roman was unable to grab him



Roman walks behind Rodriguez and placed both hands on his lower back to guide him out of the office, as Officer Lauritzen held the main door open.

3



EMS arrival

Citizen Complaint form on chair



Close up to citizen complaint

4



Signs at metal door / main door

Restricted / Controlled Area – Entrance Requires Escort By Authorized Personnel.

09/13/2023









CO 2023-024

**Rick Roman**

| | |
|---|---|
| **From:** | MyMac <artrod67@msn.com> |
| **Sent:** | Wednesday, September 13, 2023 2:11 PM |
| **To:** | Rick Roman |
| **Cc:** | Frank Ramirez; Joel Langton |
| **Subject:** | Sacred Heart Church |

September 13, 2023

Good afternoon. I made a simple report and or complaint that Sacred Heart Church locate on Greenwood street is blocking the street side directly in front.  They have placed cones from HEB to the corner and then from the Corner of Greenwood to the Hyslop residence.

The Police Corporal Wilson, that called me from Cell phone 830-734-4241.  I attempted to explain the sequence of events to the time of his call.  Corporal Wilson was rude and unprofessional.  I personally called and confirmed that there are no permits to do that on Greenwood.

I received a call from Sacred Heart Representative Sally Barrera from phone 830-765-1237.  She stated to me that they do that so that if there are sick children that they dont have walk far.  I advised her that the City did not approve there use of cones and the were considered illegal.  She got an attitude and stated "thank you very much ill get with my Principal".  I advised her that like anything left on the street it is considered trash, junk or lost and if I saw the cones again with no permit I would pick them up and keep them.

Wesley Wilson was rude, unprofessional as always but you all dont do anything to him. He literally said ill go look but it aint illegal.  I told him he was a cop because an officer does not interact like he did with citizens....he hung up on me.  Consider this an official complaint against Wesley Wilson, An individual that I sued in 2017 and a cop that does not go to the POE because of him being responsible of the crippling of Rick Rios in 2003.

Please update me on this matter and please acknowledge receipt of this email

Respectfully,

Arturo Rodriguez

**CAUTION: This email originated from an email address outside of Cityofdelrio.com domain. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

1

DEL RIO POLICE DEPARTMENT
MEMORANDUM

TO: Cpl. Dulce Gonzalez

FROM: Cpl. Wesley Wilson

REF: Incident 202300034051

Unauthorized use of traffic control device

On September 13, 2023, at 1326 hrs. I, Corporal Wesley Wilson was requested by Del Rio Police Department dispatch to call in reference to a report of unauthorized cones blocking the roadway on Greenwood St. in front of the Sacred Heart Church / School.

I contacted dispatch and was requested to call the number of (830) 488-1666 and speak to the complainant who had a traffic question / complaint. I called the number and introduced myself unaware of who I was speaking to. The caller would later be identified as Arturo Rodriguez. Rodriguez informed me that the Sacred Heart School had placed traffic cones in front of the school which had not been authorized by the city, as he had already called to verify. Rodriguez stated he contacted the city who in turn recommended he contact the police department as it would be the police department who would be responsible in having the cones removed. I told Rodriguez that I would go to the location and check out the situation, but I had only received his complaint and his opinion on the incident. Rodriguez got upset that I didn't immediately take his side of the story and began to verbally assault me saying I was a cop and not an officer and that an officer would be more professional. Rodriguez stated he is a taxpayer and he pays my salary and I work for him. Again, I did not know who I was talking to, but he was rude to me not the other way around. Now that I knew who I was talking to, it explains why he acted the way he did due to the past I have with him. I hung up the phone and informed dispatch I would be in route to the Sacred Heart School regarding the complaint.

Once I arrived at the school, I parked my unit in front of the school on Greenwood St. and noticed the cones that had been placed on the roadway near the curb line. The cones were not blocking traffic as Rodriguez had said. I spoke with Principal Julie Ricks and informed her of the reason I was present. I told her of the complaint, and she stated that she had made several attempts requesting the City of Del Rio to place no parking signs in front of the school on Greenwood St. The reason being is the school uses the area for pick up and drop off of students and if the cones are not placed near the curb, vehicles will be parked in front of the school making it difficult and unsafe for children to be picked up by parents or dropped off. I informed Ricks that it is illegal to place a traffic control device to control vehicles if not permitted by the city. Only police, fire, city workers, etc. can place traffic control devices. That being said I did see why the cones were being placed and, in this instance, the cones do

serve as a way to protect the children and allows for easy pick up and drop off. I advised Ricks to continue to request for signs to be placed by the city but would pass the information on to my Captain and see if we could allow the cones to be placed there temporarily until signs can be placed. I contacted Capt. Roman and sent him pictures of the cones as they were. Capt. Roman said to leave as is and he would get with Chief Ramirez about the issue.

I also spoke with Asst. Principal Sally Barrera and she informed me that Arturo Rodriguez had contacted them as well and told them he would take the cones if they were not removed. I suggested, should Rodriguez do what he threatened to do, to call the police and make an official theft report, as well as any other report they feel would be an offense.

I later learned that Rodriguez had sent an email stating I was rude to him. I was not, I just didn't take his side but said I would go investigate it. I had to investigate the complaint before I took any action. He was the one who used vulgar language to me and tried to belittle me.

The cones were left on the roadway near the curb as they were not blocking traffic and did not pose a danger but rather would help prevent children from walking in between parked cars. In this instance their safety is paramount.

Respectfully,

Cpl. Wesley Wilson